Marine HAKOBYAN; Hovhannes Arakelyan; Sargis Arakelyan, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71153.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007 *.

Filed April 6, 2007.

Anna A. Davitian, Esq., Law Offices of Anna A. Davitian, Burbank, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, U.S. Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Marine Hakobyan, on behalf of herself, husband, and son, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum. We deny the petition for review.

## DISCUSSION

To qualify for asylum, Hakobyan was required to demonstrate she suffered past persecution or has a well-founded fear of future persecution on account of political opinion. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006) The IJ determined that Hakobyan was not credible and therefore did not meet her burden. An adverse credibility finding can be reversed "only if the evidence compels a contrary conclusion." *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

■ Some of the discrepancies cited by the IJ are not sufficient to support an adverse credibility finding. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1045 (9th Cir.2005) (noting adverse credibility finding cannot be based on petitioner providing testimony that is more detailed than the information presented in the asylum application). Moreover, other conflicts in Hakobyan's testimony are minor and do

relate to her claim of persecution. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) (noting minor inconsistencies that do not relate to the applicant's alleged fear of persecution will not generally support an adverse credibility finding). Nonetheless, "[a] single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the claim." *Singh,* 439 F.3d at 1108 (internal quotation omitted). An inconsistency goes to the heart of a claim and therefore will support an adverse credibility finding if it concerns events central to petitioner's version of why she was persecuted and why she fled. *Id.*

■ Here, the IJ found it incredible that Hakobyan traveled back and forth between Armenia and Russia without incident or hindrance. Moreover, although Hakobyan claimed she feared returning to Armenia, she did so on several occasions and resumed her political activities. We agree with the IJ that these events indicate Hakobyan's "fear of persecution ... was not subjectively genuine."

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.